UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-0742 JVS (SS)                           Date: February 25, 2013
                                                           Page 1 of 6

Title:       Daryl Dwight Gray v. People of The State of California, et al.

| | |
|---|---|
| DOCKET ENTRY: | **ORDER TO SHOW CAUSE WHY (1) THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST; (2) THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION; AND (3) THIS COURT SHOULD NOT DEEM PETITIONER A VEXATIOUS LITIGANT** |

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:            ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS)**

On January 28, 2013,[1] Petitioner, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears completely unexhausted on its face.

Petitioner is reminded that habeas petitioners are required to exhaust their claims in state court before seeking relief in federal court. See King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009). A petitioner can exhaust his claims by either (1) fairly presenting each federal claim to the highest state court or (2) showing that no state remedy is available. See Stokley v. Ryan, 659 F.3d 802, 810

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on January 28, 2013. (See Petition at 8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 13-0742 JVS (SS)                                        Date: February 25, 2013
                                                                      Page 2 of 6

Title:     Daryl Dwight Gray v. People of The State of California, et al.

(9th Cir. 2011) (holding petitioner's claims exhausted where "no state remedies [were] . . . 'available' to him") (quoting Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L. Ed. 2d 640 (1991)); Zichko v. Idaho, 247 F.3d 1015, 1021-22 (9th Cir. 2001) ("A habeas petitioner must present his claims to the highest state court in order to satisfy the exhaustion requirement of [AEDPA]."). Here, however, Petitioner admits that his federal claims are fully unexhausted. (See Petition at 5-6) (stating that Petitioner did not raise any of his federal claims on direct appeal to the California Court of Appeal, in a petition for review to the California Supreme Court, or in a habeas petition to the California Supreme Court). Accordingly, it appears that the Petition should be dismissed for failure to exhaust state remedies.

Further, even if Petitioner were somehow able to show that his claims are exhausted, it is unclear whether this Court has jurisdiction over the Petition. Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court does not have jurisdiction if "it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Here, Petitioner's claims appear to be moot. "Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . . ." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (internal quotation removed). If a wrong alleged in a habeas petition cannot be redressed, the petition is moot. See id. at 246-48. For example, a habeas petition attacking the length of a term of incarceration that already has been served may be denied as moot. Aaron v. Pepperas, 790 F.2d 1360, 1362 (9th Cir. 1986). Once a Petitioner's sentence has expired, "some concrete and continuing injury . . . – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Notably, it is unclear whether Petitioner's sentence has expired. The instant Petition challenges an October 12, 2008 conviction for making threats in violation of California Penal Code Section 422. (Petition at 2). On the date of his conviction, Petitioner was sentenced to a term of eighteen months in prison. (Id.). The Petition does not specify whether Petitioner's sentence has expired. However, in a separate habeas petition filed with this Court on January 28, 2012, Petitioner challenges a March 13, 2012 conviction for the transportation, sale, and possession of a controlled substance. See Case No. 2:13-cv-00861-JVS-SS, Dkt. No. 1 at

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    CV 13-0742 JVS (SS) | Date: February 25, 2013 |
| | Page 3 of 6 |

Title:    <u>Daryl Dwight Gray v. People of The State of California, et al.</u>

___

2. The acts underlying that conviction occurred in 2012. <u>Id.</u> at 18. It thus appears that Petitioner was not incarcerated in 2012 and that his 2008 sentence expired prior to when Petitioner filed the instant Petition. Accordingly, Petitioner's claim does not appear to confer habeas jurisdiction upon this Court. The court also notes that it is unclear whether Petitioner is even challenging his conviction. Petitioner wrote "M [sic] N/A" as his prayer for relief. (Petition at 8).

Finally, this Order places Petitioner on notice that the Court may recommend that a vexatious litigant order be issued that will impose pre-filing conditions upon Petitioner before he may file any further <u>in forma pauperis</u> applications and/or complaints. The Court takes judicial notice of Case No. 2:10-cv-08890-UA-SS in which the Chief District Judge issued an order finding that Petitioner previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim. <u>See, e.g.</u>, <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court also notes that Petitioner has filed at least eighteen (18) civil actions in the Central District of California since 2004, none of which have been resolved in his favor. Attached to this Order are documents indicating the case name and number of Petitioner's actions. This information is from the Central District of California docket. The Court takes judicial notice of Petitioner's prior filings, as reflected on the docket. <u>See</u> Fed. R. Evid. 201(c); <u>see also</u> <u>Shaw v. Hahn</u>, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (noting that the court may take judicial notice of matters of public record). None of these actions have resulted in a judgment favorable to Petitioner. Moreover, many of them have been dismissed as patently frivolous, malicious, or for failure to state a claim.

Central District of California Local Rule ("L.R.") 83-8 governs vexatious litigants. L.R. 83-8.3, "Findings," states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." <u>See</u> L.R. 83-8.3. This Court finds, as discussed more fully below, that Petitioner has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

The Ninth Circuit has set forth four factors that a court must examine before issuing a pre-filing order on a finding that someone is a vexatious litigant. <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1056-8 (9th Cir. 2007). In <u>Molski</u>, the court advised that district courts should enter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 13-0742 JVS (SS)                          Date: February 25, 2013
                                                          Page 4 of 6

Title:       Daryl Dwight Gray v. People of The State of California, et al.

a pre-filing order only after a "cautious review of the pertinent circumstances." 500 F.3d at 1057. However, the court also observed:

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Molski, 500 F.3d at 1057 (internal quotations and citations omitted). The Court will address the four factors below.

1)      Notice And Opportunity To Be Heard

        The Court hereby notifies Petitioner that it is considering a vexatious litigant order, for the reasons set forth in this Order. Petitioner must file a written response to this Order **within fourteen days** of the date of this Order.

2)      An Adequate Record For Review

        The Court attaches copies of either the docket list of cases, by case name and number, or the first page of a particular case's docket record, to demonstrate the sheer quantity of cases filed by Petitioner since 2004. Many of these cases were dismissed as frivolous, malicious, or for failure to state a claim. Some were nonsensical and confusing. Although it would be too voluminous to attach each and every complaint filed by Petitioner, a review of these complaints on the electronic docketing system for the Central District of California reveals that none of Petitioner's actions had any merit whatsoever.

\\
\\

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 13-0742 JVS (SS)                                   Date: February 25, 2013
                                                                    Page 5 of 6

Title:       <u>Daryl Dwight Gray v. People of The State of California, et al.</u>

---

3)     Substantive Findings About The Frivolous Or Harassing Nature Of Petitioner's Litigation

As noted above, given the quantity of filings by Petitioner, it is not practical to review each and every action to evaluate the frivolous or malicious nature of Petitioner's litigation. However, a sampling of typical cases filed by Petitioner is offered below. Although some of Petitioner's complaints were dismissed for procedural flaws (i.e., failing to submit his prison trust account statement while he was incarcerated), the Court finds that many of Petitioner's civil actions in the Central District can be fairly characterized as frivolous, malicious, or failing to state a claim:

<u>Daryl Dwight Gray v. Villaragossa [sic], et al.</u>, Case No. 2:06-cv-03836-JVS-SS. Action dismissed for failure to state a claim under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because success on Petitioner's claims would undermine the validity of his conviction.

Daryl Dwight Gray v. Risk Management Branch, et al., Case No. 2:07-cv-06516-UA-SS. IFP status denied because complaint was found to be legally and factually patently frivolous.

<u>Daryl Dwight Gray v. AIDS Health Care Foundation et al.</u>, Case No. 2:06-cv-04336-UA-SS. IFP status denied because complaint failed to state a claim and no amendment could cure defects of complaint. Petitioner attempted to sue non-state actors under 28 U.S.C. § 1983.

<u>Daryl Dwight Gray v. City of Los Angeles, et al.</u>, Case No. 2:11-cv-01503-UA -SS. IFP status denied for claim brought under 28 U.S.C. § 1983 because Petitioner had at least three strikes within the meaning of the Prison Litigation Reform Act. Action dismissed for failure to prosecute and obey Court orders.

<u>Daryl Dwight Gray v. Jerry Brown et al.</u>, Case No. 2:12-cv-03228-JVS-SS. Habeas action dismissed because Petitioner failed to challenge his conviction or sentence. Instead, Petitioner challenged the execution of his sentence.

<u>Daryl Dwight Gray v. John Marshall</u>, Case No. 2:04-cv-01944-DT-SS. Habeas action dismissed because Petitioner failed to challenge his conviction or sentence. Instead, Petitioner requested review of the Social Security Administration's denial of benefits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 13-0742 JVS (SS)                                    Date: February 25, 2013
                                                                    Page 6 of 6

Title:      Daryl Dwight Gray v. People of The State of California, et al.

---

      As is demonstrated by this sampling of Petitioner's cases, many of Petitioner's complaints or petitions were frivolous, malicious, or failed to state a claim.  Further, many of Petitioner's cases have been dismissed for failure to prosecute or obey Court orders.  See, e.g, Daryl Dwight Gray v. George Allen A. Neotti, Case No. 2:11-cv-02928-JVS-SS; Daryl Dwight Gray v. Los Angeles Police Department Officers, Case No. 2:07-cv-02927-JVS-SS.

4)      A Narrowly Tailored Vexatious Litigant Order

      A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit.  In re Oliver, 682 F. 2d 443, 445 (3rd Cir. 1982).  As Petitioner's litigation history shows, he is more than merely a prolific litigant.  Instead, Petitioner has demonstrated a pattern of filing frivolous or malicious lawsuits against a variety of defendants.  DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  Thus, an order preventing Petitioner from filing any future complaints against any defendant, without court permission, is appropriate in this situation.

      If Petitioner is found to be a vexatious litigant, this Court will recommend an order that the Clerk of this Court shall not accept for filing any further IFP applications or complaints by Petitioner Daryl Gray without first obtaining leave from a Judge of this Court.  If Petitioner wants to file an action, he must first file a motion for leave to file a complaint.  Petitioner must submit a copy of this Order and a copy of the proposed complaint with any such motion.  If the Court does not grant Petitioner written permission to file a complaint within thirty (30) days of the date of his motion, permission will be deemed denied.

      In sum, the Court **ORDERS** as follows: Petitioner shall file a response to this Order to Show Cause within **fourteen (14) days** of the date of this Order, specifically stating (1) why this action should not be dismissed for failure to exhaust state court remedies; (2) why this action should not be dismissed for lack of jurisdiction; and (3) why this Court should not declare Petitioner a vexatious litigant.  **If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) instead of filing a response to this Order.  A Notice of Dismissal form is attached for Petitioner's convenience.**

MINUTES FORM 11
CIVIL-GEN                                                          Initials of Deputy Clerk ___